# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GERALD CHAMBERS, | : | CIVIL ACTION |
| :--- | :--- | :--- |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-5200 |
| | : | |
| GENCE BRINKLEY, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                              **December 28, 2018**

Gerald Chambers claims Philadelphia County Judge Genece (misspelled "Gence") Brinkley deprived him of his civil rights by imposing repeated sentences upon him for violating terms of his state probation within her jurisdiction. He also claims the Pennsylvania Department of Corrections and the City of Philadelphia violated his civil rights as an incarcerated citizen.[1] He also referred to Secretary John Wetzel of the Pennsylvania Department of Corrections as a defendant in the body of his Complaint, although he failed to name Mr. Wetzel as a defendant in the caption.

Presently incarcerated, he moves for leave to proceed *in forma pauperis*.[2] After review, we grant Mr. Chambers leave to proceed *in forma pauperis* but must dismiss his *pro se* Complaint for failure to state a claim against all Defendants with leave only to amend if he can timely plead claims against Secretary Wetzel and the City.

**I.**     **Plead facts and information from the public dockets.**

Mr. Chambers seeks damages for violations of his due process rights under the Fourteenth Amendment and the Eighth Amendment.[3] He alleges Judge Brinkley "unlawfully continued to sentence, and resentence [him] for probation, which was expired long ago."[4] Mr. Chambers claims

every time he was in custody, Judge Brinkley "would bring him before the court and impose[] a new sentence."[5] He claims the City of Philadelphia participated by bringing him "before the court in handcuff[s] and [causing him to] suffer in the county prison under deplorable conditions, and the constant fear of violence and abuse."[6] Mr. Chambers claims Secretary Wetzel "allowed [him] to be imprisoned in the state prisons without proper review of the commitment papers and ensuring that [he] was not imprisoned unlawful[ly] under the DOC."[7]

Mr. Chambers swears these violations began in 2005.[8] Public dockets reflect in 2005, Mr. Chambers pled guilty to two separate charges of retail theft.[9] Judge Brinkley sentenced him to a maximum of a year of incarceration, to be followed by two years of probation, on each charge.[10] In September 2018, Judge Brinkley found Mr. Chambers violated his probation in each matter and sentenced him a minimum of two and a maximum of four years of confinement. In Docket No. CP-51-CR-0804661-2005, she ruled Mr. Chambers' confinement would be followed by a maximum of three years of probation; in Docket No. CP-51-CR-0804641-2005, she ruled the period of confinement would be followed by a maximum of five years of probation.[11]

In January 2016, Judge Brinkley revoked Mr. Chambers' probation in both matters because of a technical violation.[12] In Docket No. CP-51-CR-0804641-2005, she sentenced Mr. Chambers to a minimum of 11 months and 15 days and a maximum of 23 months of confinement, to be followed by a maximum of 12 months of probation. In Docket No. CP-51-CR-0804661-2005, she sentenced Mr. Chambers to a maximum of three years of probation. She also ordered Mr. Chambers to complete ninety days in the Options program at Hoffman Hall in both matters.[13]

In September 2017, Judge Brinkley revoked Mr. Chambers' probation in Docket No. CP-51-CR-0804641-2005.[14] She sentenced him to 6-12 months of confinement, with immediate parole to the Return Program as soon as a bed was available.[15] In the other matter, Judge Brinkley

2

sentenced Mr. Chambers to a maximum of three years of probation, to run consecutively to the revocation sentence imposed in Docket No. CP-51-CR-0804641-2005.[16] In April 2018, Judge Brinkley again found Mr. Chambers to be in technical violation of his probation in Docket No. CP-51-CR-0804661-2005.[17] She sentenced him to a minimum of a year and 6 months to a maximum of 3 years of incarceration.[18] She found Mr. Chambers violated probation in his other matter, but assessed no further penalty.[19]

Mr. Chambers now seeks damages alleging these repeated sentences for probation violations and the City and Department of Corrections' treatment of him violates his Eighth and Fourteenth Amendment rights, claiming his "liberty interest has been violated" and he has been suffering "mental and psychological stress."[20] He alleges Judge Brinkley "continued to sentence [him] to prison when she had no jurisdiction, authority or legal right . . . to do so."[21]

**II.  Analysis**

### A. We grant Mr. Chambers leave to proceed *in forma pauperis.*

We grant Mr. Chambers leave to proceed *in forma pauperis* as he is incapable of paying the fees to commence this civil action.[22] Under 28 U.S.C. § 1915(e)(2)(B), we dismiss the Complaint if it, *inter alia*, is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact,"[23] and is legally baseless if it is "based on an indisputably meritless legal theory."[24]

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[25] which requires we determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[26] Conclusory allegations do not

3

suffice.[27] We may also consider matters of public record.[28] As Mr. Chambers is proceeding *pro se*, we construe his allegations liberally.[29]

### B. We dismiss Mr. Chambers' civil rights claims.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[30] We consider Mr. Chambers' claims against each Defendant in turn.

#### 1. We dismiss claims against Judge Brinkley with prejudice.

Judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.[31] Mr. Chambers is suing Judge Brinkley based upon her rulings in his state criminal proceedings. We have no basis to find a complete absence of all jurisdiction. If Mr. Chambers believes the judge exceeded her authority under state law, he may attempt to seek redress in the state court. But he cannot sue her under the civil rights laws when she delivered sentences within the scope of her jurisdiction. As Mr. Chambers has sued Judge Brinkley for acts taken in her judicial capacity, judicial immunity applies and there is no legal basis for Mr. Chambers' lawsuit against her. We dismiss claims against Judge Brinkley with prejudice.

#### 2. We dismiss claims against the Department of Corrections with prejudice.

Mr. Chambers sues the Pennsylvania Department of Corrections. He cannot maintain his claims against the Department, however, because the entity may not be sued under § 1983 given it "shares in the Commonwealth's Eleventh Amendment immunity."[32] Mr. Chambers' claims against the Department of Corrections must be dismissed with prejudice.

### 3. We dismiss claims against the City without prejudice.

To maintain a § 1983 claim against the City of Philadelphia, Mr. Chambers must allege the City's policies or customs caused the alleged constitutional violation.[33] He "must identify [the] custom or policy and specify what exactly that custom or policy was" to satisfy the pleading standard.[34]

Mr. Chambers fails to suggest a City policy or custom caused the alleged violations of his rights. Rather, he vaguely suggests the City "participated" by bringing him before the court while handcuffed and by keeping him "in the county prison under deplorable conditions."[35]

Mr. Chambers may plead a custom or policy or sue officers who violated his civil rights. His present complaint does not meet this standard. We dismiss his present civil rights claims against the City of Philadelphia without prejudice.

### 4. We dismiss possible claims against Secretary Wetzel.

Mr. Chambers did not include Mr. Wetzel as a Defendant in the caption of his Complaint. We do not know if Mr. Chambers seeks to proceed against him. In any event, Mr. Chambers fails to state a claim for relief against Secretary Wetzel.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[36] There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."[37] First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."[38] "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed

5

others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."[39]

Mr. Chambers appears to name Secretary Wetzel because he "allowed [him] to be imprisoned in the state prisons without proper review of the commitment papers and ensuring that [he] was not imprisoned unlawful[ly] under the DOC."[40] This generalized, speculative allegation is insufficient for imposing liability against Secretary Wetzel. Mr. Chambers needs to plead with much greater specificity against Secretary Wetzel if he wishes to proceed on a civil rights claim against him. We dismiss Mr. Chambers' claims against Secretary Wetzel without prejudice.

## III. Conclusion

In the accompanying Order, we grant Mr. Chambers leave to proceed *in forma pauperis* and dismiss his Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. His claims against Judge Genece Brinkley and the Department of Corrections are dismissed with prejudice. His claims against the City of Philadelphia and Secretary Wetzel are dismissed without prejudice to Mr. Chambers timely filing an amended complaint consistent with this Memorandum and under the terms of our accompanying Order.

---

[1] ECF Doc. No. 2.

[2] ECF Doc. No. 1.

[3] ECF Doc. No. 2 at 5. The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[4] *Id.* at 6.

[5] *Id.*

6

[6] *Id.*

[7] *Id.*

[8] *Id.* at 7.

[9] *Commonwealth v. Chambers*, Docket Nos. CP-51-CR-0804661-2005 & CP-51-CR-0804641-2005 (Phila. Ct. Common Pleas).

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Commonwealth v. Chambers*, Docket No. CP-51-CR-0804641-2005.

[15] *Id.*

[16] *Commonwealth v. Chambers*, Docket No. CP-51-CR-0804661-2005.

[17] *Id.*

[18] *Id.*

[19] *Commonwealth v. Chambers*, Docket No. CP-51-CR-0804641-2005.

[20] ECF Doc. No. 2 at 5.

[21] *Id.* at 9.

[22] As Mr. Chambers is a prisoner, he is obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[23] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[24] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[25] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[27] *Id.*

[28] *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[29] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[30] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[31] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

[32] *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).

[33] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

[34] *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

[35] ECF Doc. No. at 6.

[36] *Iqbal*, 556 U.S. at 676.

[37] *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

[38] *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).

[39] *Id.*

[40] ECF Doc. No. 2 at 6.